# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-41242
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR GUSTAVO PAYAN-CARILL, also known as Jesus Manuel Mata-Carillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-898-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cesar Gustavo Payan-Carill (Payan) appeals the sentence imposed following his plea of guilty to one count of being in the United States unlawfully after deportation. The 57-month sentence was at the bottom of the properly calculated guideline range. Payan contends that the sentence is unreasonable because the district court failed to explain adequately the reasons for the sentence. He further argues that the sentence was excessive and that this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not apply a presumption of reasonableness because the guideline provision for a 16-level increase for a prior felony is not empirically grounded.

We begin our review by determining whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). If the sentencing decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Payan's contention that the district court failed to give an adequate explanation of the sentence is reviewed for plain error because Payan did not object to the explanation at sentencing. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Any error was not reversible plain error.

The district court read Payan's written objections, heard his arguments, and granted the Government's motion for a third level of reduction for acceptance of responsibility. The district court adopted the calculations and reasoning of the presentence report and indicated that the 57-month sentence at the bottom of the guideline range satisfied the factors of § 3553(a). Payan fails to show that the district court's explanation was clearly or obviously inadequate. *Cf. United States v. Rodriguez*, 523 F.3d 519, 524-26 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008) (finding brief explanation adequate). Moreover, Payan "fails to show that an explanation would have changed his sentence." *Mondragon-Santiago*, 564 F.3d at 365. He thus fails to show plain error. *Id.*

Payan contends that his sentence was substantively unreasonable because it was excessive. He contends that the guideline provision resulting in the 16-level increase was not empirically grounded and is therefore not entitled to a presumption of reasonableness in light of *Kimbrough v. United States*, 552 U.S.

2

85, 128 S. Ct. 558 (2007). Payan's sentence was within the guideline sentencing range and was presumptively reasonable, regardless of whether the guideline provision upon which the sentence was based is empirically grounded. *See United States v. Duarte*, __ F.3d __, 2009 WL 1515665, *1-*2 (5th Cir. June 1, 2009); *see also Mondragon-Santiago*, 564 F.3d at 366-67.

Payan fails to show that his sentence is unreasonable. The judgment of the district court is AFFIRMED.